Hill Rivkins LLP
Attorneys for Plaintiff
45 Broadway, Suite 1500
New York, NY 10006
Tel.: 212-669-0600

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
TECHNOLAND, INC.

              Plaintiff,

   - against –

YANG MING MARINE TRANSPORT CORP. and
MIDWAY FREIGHT SYSTEMS, INC.

             Defendants.
-----------------------------------------------------------------x

**COMPLAINT**

The plaintiff herein, by its attorneys, Hill Rivkins LLP, complaining of the above named defendants, alleges upon information and belief:

**FIRST:** This Court has jurisdiction pursuant to 28 U.S.C. §1331(a) in that this is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

**SECOND:** At and during all times hereinafter mentioned, plaintiff had and now has the legal status and principal office and place of business stated in Schedule A hereto annexed and by this reference made a part hereof. Plaintiff is the owner of certain cargo CARRIED BY Defendant pursuant to the bill of Lading described in Schedule A

**THIRD:** At and during all the times hereinafter mentioned, the defendants had and now have the legal status and offices and places of business stated in Schedule A, and were and now are engaged in business as common carriers of merchandise by water for hire to and have provided that actions against them be brought in the courts of the State of New York.

**FOURTH:** On or about the date and at the port of shipment stated in Schedule A, defendants issued a clean bill of lading for the shipment described in Schedule A, which the said defendants received, accepted and agreed to transport for certain consideration to the port of destination stated in Schedule A.

**FIFTH:** Thereafter, the said shipment arrived at the port of destination detailed in Schedule A and the cargo was delivered damaged and contrary to the description as set out in the bill of lading.

**SIXTH:** Defendant. Knew the shipment was damaged at the time it issued its clean bill of lading, and had filed a claim against the inland carrier for loss and damage to the shipment. However, as agent for plaintiff, defendant failed to properly pursue the claim, thus prejudicing plaintiff in its claim against the inland carrier.

**SEVENTH:** Plaintiff was the shipper, consignee or owner or otherwise had a proprietary interest of and in the cargoes as described in Schedule A, and brings this action on its own behalf and, as agent and trustee, on behalf of and for the interest of all parties who may be or become interested in the said shipment, as their respective interests may ultimately appear, and plaintiff is entitled to maintain this action.

**EIGHTH:** Plaintiff has duly performed all duties and obligations on its part to be performed.

**NINTH:** By reason of the premises, plaintiff has sustained damages as nearly as same can now be estimated, no part of which has been paid, although duly demanded in the amount of $$52,000.

**W H E R E F O R E**, plaintiff prays:

2

1.  That process in due form of law according to the practice of this Court may issue against defendants.

2.  That if defendants cannot be found within this District, that all of their property within this District be attached in the sum set forth in the complaint, with interest and costs.

3.  That a decree may be entered in favor of plaintiff against defendants for the amount of plaintiff's damages, together with interest and costs.

4.     .Plaintiff prays for such other, further and different relief as this Court may deem just and proper in the premises.

Dated: New York, NY
       July 25, 2016

                              HILL RIVKINS LLP
                              Attorneys for Plaintiff

                     By:    /s/ Caspar F. Ewig
                            Caspar F. Ewig
                            45 Broadway, Suite 1500
                            New York, NY 10006
                            Telephone: 212-669-0600

## SCHEDULE A

Plaintiff, Technoland, Inc., was and now is a corporation duly organized and existing under and by virtue of the laws of Korea with an office and place of business at Anje tower, 18-19th Floor Yeoksam-Dong, Gangnam Gu, Seoul, Korea

Defendants, (1) Yangming Transport Corp. was and is a corporation and/or other business entity doing business in the United States with an office and place of business One Newark Center 1085 Raymond Boulevard, 9th Floor Newark, New Jersey 07102  (2)  Midway Freight System,19401 South Vermont Avenue # H102
Torrance, CA 90502 -

| | |
|---|---|
| Port of Loading: | Long Beach California |
| Port of Discharge: | Busan, Korea |
| Date of Shipment: | July 2, 2015 |
| Cargo: | as described in the invoice attached hereto as exhibit 1 |
| Bill of Lading: | LGBA70012 |
| Shipper: | Steris Corporation |
| Consignee: | Technoland, Inc. |
| Amount of Loss: | $52,000 |
| Nature of Damage: | rough handling damage |

32018\Complaint

4